# THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **HU, CHENGJI**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**THE ENTITIES AND INDIVIDUALS IDENTIFIED IN AMENDED ANNEX A**<br><br>　　　　Defendants. | Case No: 1:25-cv-7709<br><br>Honorable Judge Edmond Chang<br><br>Honorable Magistrate Judge Keri L. Holleb Hotaling |

## PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO RECONSIDER

　　Plaintiff respectfully moves the Court to expedite its consideration of Plaintiff's pending Motion to Reconsider the Court's denial of Plaintiff's request for a Temporary Restraining Order.

　　This action concerns ongoing patent infringement and counterfeiting occurring through online marketplace storefronts identified in Schedule A. Plaintiff filed its Motion to Reconsider to clarify key factual and legal issues bearing on the necessity of immediate injunctive relief.

　　The Motion has now been taken under advisement multiple times. While Plaintiff fully appreciates the Court's consideration of the issues presented, the passage of additional time materially prejudices Plaintiff.

　　Unlike typical litigation disputes, Schedule A counterfeiting cases involve rapidly shifting online storefronts where infringing sellers can continue to generate sales, dissipate assets, and evade enforcement.

Each additional day without injunctive relief allows Defendants and other copycat sellers to continue exploiting Plaintiff's intellectual property and unfairly compete in the marketplace.

As courts in this District have recognized, temporary restraining orders in online counterfeiting cases are designed to prevent precisely this type of ongoing harm. Continued delay permits infringing actors to obtain improper profits while eroding Plaintiff's goodwill, brand reputation, and market position.

In particular, because the Court declined to enter a temporary restraining order, the case is currently unsealed and Defendants are now aware of this action. As a result, Defendants retain full access to their marketplace storefronts and financial accounts. Under these circumstances, Defendants may at any time transfer funds, close storefronts, or otherwise dissipate assets beyond the reach of the Court.

Schedule A counterfeiting cases frequently involve foreign sellers who can rapidly move funds and abandon storefronts once litigation becomes known. Without prompt injunctive relief, Defendants may continue infringing Plaintiff's trademarks while simultaneously removing assets that would otherwise be available to satisfy a judgment.

Accordingly, the current posture of the case places Plaintiff in a particularly prejudicial position: Defendants are now aware of the litigation yet remain free to continue selling infringing products and withdraw the proceeds of those sales. Each additional day of delay increases the likelihood that Defendants will dissipate assets and evade effective judicial relief.

Plaintiff therefore respectfully requests that the Court expedite consideration of the pending Motion to Reconsider so that the parties may proceed with clarity and so that the Court may determine whether temporary injunctive relief is warranted under the clarified record.

Plaintiff does not seek to impose any burden on the Court, but merely requests prompt consideration given the ongoing nature of the infringement and the continuing prejudice caused by delay.

For the foregoing reasons, Plaintiff respectfully requests that the Court expedite consideration of Plaintiff's Motion to Reconsider.

Dated this 6th day of March 2026.	Respectfully submitted,

/s/ Kaibin Huang
Kaibin Huang (Bar No. 4841201)
418 Broadway # 6892
Albany, NY 12207
attorney@meritas.law
Tel	(347) 868-3818

*ATTORNEY FOR PLAINTIFF*